UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANNY J. ADKINS, GILBERT MCCAULEY | ) | CASE NO. 3:07 CV 632 |
| Plaintiffs, | ) | CHIEF JUDGE JAMES G. CARR |
| v. | ) | OPINION AND ORDER |
| TERRY J. COLLINS, et al., | ) | |
| Defendants. | ) | |

On March 2, 2007, pro se plaintiffs Danny J. Adkins and Gilbert McCauley filed the above-captioned action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry J. Collins and John Doe. In the complaint, plaintiffs allege that they were convicted in violation of the United States Constitution. They seek monetary damages.

*Background*

The plaintiffs are both incarcerated at the North Central Correctional Institution ("NCCI") in Marion, Ohio. Although they filed a joint complaint and assert similar causes of action, their claims are based on very different facts which pertain to each of their respective convictions.

**Danny J. Adkins**

Mr. Adkins was indicted in Franklin County, Ohio on August 27, 2001 on two counts of rape, two counts of gross sexual imposition and one count of disseminating matter harmful to juveniles. The conduct, which involved "C.H.," a 9-10 year old male child, took place between July 1, 2000 and July 31, 2001.[1] Mr. Adkins entered into a plea agreement on December 12, 2001. In exchange for his guilty plea to the remaining charges in the indictment, the prosecutor dismissed the two counts of rape and the charge of disseminating matter harmful to a juvenile. He was adjudged to be a sexual predator under Ohio law. He attempted to file a delayed appeal of this conviction on April 14, 2003. His Motion was denied by the Ohio Court of Appeals on July 2, 2003.

Mr. Adkins was then indicted in Cuyahoga County, Ohio on two counts of gross sexual imposition and two counts of rape on November 2, 2001.[2] These charges pertained to incidents with C.H. which occurred in August 2001. Five days after his indictment in Cuyahoga County, Mr. Adkins was indicted in Franklin County, Ohio on three charges of gross sexual imposition for an incident which took place on August 13, 2001 involving another 9-10 year old boy, "J." Mr. Adkins entered into a plea agreement with the Franklin County Prosecutor on December 13, 2001 in which he pled guilty to one count of gross sexual imposition in exchange for the dismissal of the other two charges. He attempted to file a delayed appeal of this conviction on April 14, 2003. The Motion was denied. He was sentenced to an aggregate total of ten years

---

[1] Franklin County Common Pleas Court dockets can be found at http://www.co.franklin.oh.us/fc/ .

[2] Cuyahoga County Common Plea Court Dockets can be found at http://www.cpdocket.cp.cuyahogacounty.us .

2

incarceration for all charges of which he was convicted in Franklin County.

Back in Cuyahoga County, a capias was issued on November 19, 2001 for Mr. Adkins's arrest. He was transported to Cuyahoga County from Franklin County in January 2002. He entered into a plea agreement on April 17, 2002 in which he pled guilty to one count of rape in exchange for the dismissal of the other charges. He was sentenced on May 28, 2002 to six years incarceration to be served consecutive to the ten years he received for his two convictions in Franklin County for an aggregate total of sixteen years incarceration. The court took notice that Mr. Adkins had already been declared to be a sexual predator in Franklin County and continued that determination as part of his case in Cuyahoga County. On May 3, 2005, Mr. Adkins filed a Motion for Delayed Appeal. The Motion was denied on June 8, 2005. He filed a Petition for a Writ of habeas corpus in this court on July 26, 2006. That petition, Case No. 1:06 CV 1798, is still pending.

Mr. Adkins claims that Franklin County Children's Services worker Ignacio Delgado called Cuyahoga County Children's Services and prompted them to file charges against him which pertained to one of his Franklin County victims. Mr. Adkins contends that because the victim and the nature of the offense are the same, he could not be charged a second time. He further contends that Cuyahoga County obtained their evidence with the help of officials in Franklin County. He indicates that Children's Services is liable to him for "interference." (Compl. at 3.)

In addition, Mr. Adkins brings a claim for "state irresponsibility." He indicates that the state enacted "an ex post facto ruling, in violation of federal law, using this ruling to deny appeal claims thereby denying Senate Bill 2, truth in sentencing." (Compl. at 3-4.) He indicates that the "state knows better than to charge and sentence an offender who has already been charged

and sentenced on the same case, same victim a second time and further allow another agency [to] interfere with [an] already completed procedure." (Compl. at 4.)

His third claim is for "improper sentencing." (Compl. at 4.) Mr. Adkins states that "the First Offense Rule", in effect at that time, was ignored completely." (Compl. at 4.) He indicates that although he had no prior convictions, he was given consecutive sentences. He believes he was "over sentenced."

Finally, Mr. Adkins claims he was denied the right to appeal his convictions. He contends his counsel did not file an appeal of right. He indicates his counsel was negligent for failing to explain Criminal Rule 32 to him, and for telling him he could not appeal his conviction.

### Gilbert McCauley

Mr. McCauley was indicted in Cuyahoga County on January 25, 2002 on one count of rape involving a minor female, and four counts of gross sexual imposition. He entered into a plea agreement in March 2002. Pursuant to the agreement, the indictment was amended so that the language "threat or threat of force" was deleted from the count of rape. Mr. McCauley pled guilty to the indictment as amended. He was sentenced on April 9, 2002 to eight years incarceration on the rape charge, and four years for each of the four counts of gross sexual imposition. All counts were to run concurrent with each other. Mr. McCauley was also adjudicated to be a sexual predator.

Mr. McCauley made several attempts to appeal his conviction. He first filed a pro se appeal of his conviction on May 20, 2002. That appeal was dismissed for failure to file a brief. See State v. McCauley, No. 81328, 2005 WL 3073692 (Ohio App. 8th Dist. Nov. 16, 2005). He did not appeal that decision to the Ohio Supreme Court. Mr. McCauley attempted to file another

4

appeal on November 8, 2004.  His request was denied on December 17, 2004.  He then filed an Application to Re-open his Appeal.  The Application was denied on November 16, 2005.  Mr. McCauley also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court on June 28, 2006.  The petition, Case No. 1:06 CV 1585, was denied on August 31, 2006.  He appealed that decision to the United States Court of Appeals for the Sixth Circuit.  The decision of the District Court was affirmed.  Mr. McCauley filed a petition for a writ of certiorari to the United States Supreme Court on May 24, 2007.  That petition is still pending.

Mr. McCauley claims that Cuyahoga County Children's Services workers interfered in his life.  He contends that they told his wife that if she let him come back into the home after he served his term of incarceration, they would take steps to remove the children from the home.

Like Mr. Adkins, Mr. McCauley also claims he was not properly sentenced and was denied the right to appeal his conviction.  He indicates he was not offered a plea bargain and did not receive application of the "First Offense Rule" even after he "quoted [it] in open court." (Compl. at 4.)  He further contends he was denied the right to appeal because he was not appointed counsel for his appeal.  His appeal was dismissed because he did not file a brief.  He claims these factors were a violation of Ohio and Federal Law.

Finally, Mr. McCauley alleges that he did not receive adequate representation at the trial court level.  He contends that his attorney did not fully explain Criminal Rule 32 and told him that he could not appeal his conviction.  He claims that his trial counsel was ineffective.

### Both Plaintiffs

As their fifth cause of action, both plaintiffs assert that they were subjected to negligent infliction of emotional distress.  They indicate that the intake officers at NCCI are

"unnecessarily mean, vindictive and extremely vulgar to newly arriving inmates." (Compl. at 5.) They claim that these intake officers steal personal items from inmates and send the remaining items to the inmate's family members. They claim these actions have caused them to suffer serious emotional distress. Each plaintiff demands $ 5,000,000.00 in compensatory damages for each of the five counts of the complaint and unspecified punitive damages.

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

As an initial matter, it is apparent on the face of the pleading that the plaintiffs are using a § 1983 action to collaterally attack their convictions. A prisoner may not raise claims in a civil rights action, however, if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding

---

[3] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

in Heck applies whether the plaintiffs seek injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). The plaintiffs each raise claims, which, if found to have merit, would call into question the validity of their respective convictions. As such, they must also allege that their convictions were declared invalid by either an Ohio state court or a federal habeas corpus decision. Neither of the plaintiffs has done so. This factor alone requires dismissal of the claims set forth in the First through Fourth Claims for Relief.

Moreover, in addition to the above ground for dismissal, the plaintiffs failed to state a claim upon which relief can be granted. To establish a prima facie case under 42 U.S.C. § 1983, the plaintiffs must assert that a person acting under color of state law deprived each of them of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Their complaint fails to satisfy either of these criteria.

The named defendant in this action is ODRC Director Terry Collins. The plaintiffs do not indicate whether he is sued in his official or individual capacity. If he is sued in his official capacity, this action must be dismissed. A suit against a public servant in his official capacity imposes liability on the office he represents. Brandon v. Holt, 469 U.S. 464, 471 (1985). Because the ODRC is an arm of the State, the Eleventh Amendment bars suits for damages against him in his official capacity. To the extent that the plaintiffs intended to sue Mr. Collins in his individual capacity, they have also failed. The liability of any defendant under 42 U.S.C. § 1983 cannot be established absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate Terry Collins to any of the claims

set forth in the complaint.

The court notes that the plaintiffs also indicate "[t]hat they do not know, and with the exercise if [sic] due diligence, could not discover the names of the defendants whose identities are presently referred to by the pseudonym "John Doe." There are, however, no allegations against a "John Doe" in the complaint.

The plaintiffs have also failed to set forth a viable federal cause of action. Although they contend in their "Statement of Jurisdiction" at the beginning of the pleading that "this action arises under the United States Constitution, particularly under the provisions of the First, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States," their subsequent enumerated claims for relief assert causes of action for "Interference," "State Irresponsibility," "Improper Sentencing," and "Appeal Rights Violated." There is no indication in any of these sections how the constitutional rights cited in the "Statement of Jurisdiction" may have been implicated. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at

1278. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiffs intend to base their in compensatory damages § 1983 action.

Finally, the plaintiffs' state law claim of negligent infliction of emotional distress is dismissed.  Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial.  United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966).  The federal court, however, may exercise discretion in hearing state law matters.  Id. at 726.  In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed.  Id.  Having dismissed plaintiffs' federal law claims, this court declines jurisdiction to hear their state law claims.

### *Conclusion*

Accordingly,  this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.